**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Oji K. Markham,

　　　　　Plaintiff,

　　v.

Officer Kelgar,[1] Lt. Klein,
and Chief Jason Ohtto.

　　　　　Defendants.

**ORDER ON REPORT**
**AND RECOMMENDATION**
Civil No. 25-3449 ADM/ECW

_____

Oji K. Markham, pro se.

Alana M Mosley, Rice, Walther & Mosley, LLP, for Defendants.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff Oji K. Markham's ("Markham") Objection [Docket No. 34] to Magistrate Judge Elizabeth Cowan Wright's May 6, 2026, Report and Recommendation [Docket No. 33] ("R&R").  In the R&R, Judge Wright recommends granting Defendants' Motion to Dismiss [Docket No. 16] based on qualified immunity.  After a de novo review of the record, and for the reasons stated below, Markham's Objections are overruled and the R&R is adopted.

## II.  DISCUSSION

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); see also D. Minn.

---

[1]  Markham acknowledges that he misidentified the officer at the scene as "Kelgar" when it was in fact Officer Caleb Koecher.  [Docket No. 18, at 1.]  The Court will refer to the officer as "Koecher."

L.R. 72.2(b).  The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

The factual background of this case is thoroughly set forth in the R&R and is incorporated by reference.  Markham first objects to the R&R's conclusion that he did not plausibly allege a Fourth Amendment violation by Koecher and, even if he did, Koecher is entitled to qualified immunity.  After a de novo review, the Court agrees with Judge Wright's well-reasoned conclusion that Markham's interaction with Koecher was not unconstitutional and that Koecher is shielded from suit under the doctrine of qualified immunity.  Accordingly, dismissal is appropriate as to Koecher.

Markham also objects to the R&R's recommendation that the Court dismiss his claim against Kelin and Ohotto based on their refusal to write an incident report after he complained about his encounter with Koecher.  The Court agrees with Judge Wright's assessment that Markham's claim is untenable because the failure to write an incident report does not constitute a constitutional violation.  Dismissal is also appropriate as to Klein and Ohotto.

### III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Oji K. Markham's Objection [Docket No. 34] to Magistrate Judge Elizabeth Cowan Wright's Report and Recommendation is **OVERRULED;**

2. The Report and Recommendation [Docket No. 33] is **ADOPTED**;

3. Defendants' Motion to Dismiss [Docket No. 16] is **GRANTED;** and

4.      The case is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Dated:  May 20, 2026

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE